State of Minnesota *ex rel* The Town of Mantorville

*vs.*

Peter Mantor, Assessor, &c.

A large number of the residents and voters of the town of Mantorville, an organized town, composed of one congressional township, in the county of Dodge, signed and presented to the board of county commissioners a petition praying for a division of the town, and the organization, as a separate town, of a part of the old town. The board thereupon declared such part set off and organized as a separate town by the name of Kasson. *Held :*—That the action of the board was not authorized by the terms of either *Sec.* 104, *Chap.* 8, nor *Sec. 2, Chap.* 10 *of the General Statutes*, and was of no effect.

Upon the relation of the Town of Mantorville an alternative writ of mandamus was issued out of this court, and duly served upon Peter Mantor, assessor &c. The respondent appeared and by his answer admitted the facts set forth in the petition. The relator now moves for a peremptory writ. The case is sufficiently stated in the opinion of the court.

G. E. Cole for Relator.

G. B. Cooley for Respondent.

*By the Court*—Gilfillan, Ch. J.—On the 22d of February, 1869, the town of Mantorville was an organized town in the county of Dodge, and composed of one congressional township. On that day, a petition signed by one hundred

and sixty-one residents and voters in the town, was presented to the board of county commissioners of the county, praying that certain sections of the township might be set off, and organized as a new town. The board thereupon declared said sections set off and organized as a separate town by the name of Kasson. Pursuant thereto, the people in the part so declared set off and organized, proceeded to elect the usual town officers.

The respondent is the assessor of the town of Mantorville, and, assuming the action of the board of county commissioners to have been legal, declines to make assessments in the territory so attempted to be organized as a new town. An alternative writ of mandamus issued, and the facts being admitted, a peremptory writ requiring him to make such assessment is moved for.

It is claimed, that *section* 104, *chapter* 8, and *section* 2, *chapter* 10, *of the General Statutes,* under one of which the board of county commissioners must have assumed to act, are, so far as they purport to authorize the division for town organization, of any congressional township, in conflict with *sec. 3 of art.* 11 *of the constitution.* It is not necessary to decide this question, inasmuch as there is no authority for the action of the board, unless under one or the other of the sections of the statutes referred to, and as their proceedings have not been in compliance with the terms of either of those sections, such proceedings are null, whether those sections are constitutional or not. The proceedings were not in accordance with the terms of *sec.* 104, *chap.* 8, because the town had an area of no more than thirty-six sections, and the question was not submitted to a vote of the electors of the town. They were not in accordance with the terms of *sec.* 2, *chap.* 10, because that does not authorize any action of the county commissioners on such a petition

as was presented in this case.   The proper interpretation of the language of that section, requires that the petitioning by a township mentioned, should be a corporate act, and not the individual petition of the electors, however numerously signed.

A peremptory writ must issue.